UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GREG S. ADAMS | CIVIL ACTION NO. 6:20-cv-00237 |
| VERSUS | JUDGE SUMMERHAYS |
| SUPERIOR ENERGY SERVICES | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Currently pending is defendant Superior Energy Services, LLC's motion to compel. (Rec. Doc. 55). The motion is unopposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

**Background**

Greg S. Adams alleged in his complaint that he was treated differently from his coworkers and terminated from his employment with the defendant, Superior Energy Services, LLC, because of his race and in violation of Title VII of the Civil Rights Act of 1964. Mr. Adams is not represented by legal counsel.

This Court has previously held telephone status conferences with the parties, primarily to address the discovery process and discovery disputes. In a conference call on September 16, 2020, the plaintiff's failure to provide initial disclosures was discussed, and the plaintiff agreed to promptly provide initial disclosures to the defendant's counsel. (Rec. Doc. 46). At that same time, he also agreed to provide

responses to the defendant's discovery requests. (Rec. Doc. 46). During a December 2, 2020, conference call, Mr. Adams again agreed to respond to the defendant's discovery requests, and this Court addressed with Mr. Adams his failure to provide signed authorizations for information concerning is tax returns, medical records, and other documents. (Rec. Doc. 49).

Unsatisfied with Mr. Adams's responses to written discovery requests, Superior filed the instant motion to compel in January 2022, arguing that Mr. Adams never served initial disclosures, never provided signed authorization forms, and provided untimely and incomplete responses to the discovery requests propounded by Superior. Mr. Adams did not respond to the motion to compel.

## Law and Analysis

### A. Pro Se Parties are Granted Leniency

Mr. Adams is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys[1] and are construed liberally to prevent a loss of rights that might result from inartful expression.[2] However, *pro se* plaintiffs in civil cases are required to comply with the Federal

---

[1] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[2] *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)).

Rules of Civil Procedure.[3]  More particularly, *pro se* parties are required to proceed with discovery in accordance with the relevant portions of the Federal Rules of Civil Procedure.[4]  A litigant's *pro se* status does not excuse his lack of familiarity with the rules of procedure or exempt him from compliance with the applicable rules.[5]  As the Fifth Circuit has clearly stated, "[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law."[6]  Therefore, while this Court recognizes that plaintiff is proceeding *pro se*, the plaintiff is responsible for proceeding with discovery in accordance with the Federal Rules of Civil Procedure, specifically Rules 26, 33, and 34.

**B.   <u>The Standard for Deciding a Discovery Dispute</u>**

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[7] but discovery does have

---

[3]   *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

[4]   See, e.g., *Joseph v. People Ready*, No. 17-124-JWD-EWD, 2017 WL 11319410, at *2 (M.D. La., June 20, 2017); *Neely v. Khurana*, No. 3:07-CV-1344-D, 2009 WL 1605649, at *5 (N.D. Tex. June 5, 2009); *Connor v. Louisiana Dep't of Health and Hospitals*, No. 02-284-RET-DLD, 2008 WL 4372030, at *2 (M.D. La. Sept. 24, 2008).

[5]   *Kaswatuka v. Dep't of Homeland Sec.*, 7 F.4th 327, 331 (5th Cir. 2021); *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

[6]   *Hulsey v. Texas*, 929 F.2d at 171.

[7]   *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

"ultimate and necessary boundaries."[8] It is well established that "control of discovery is committed to the sound discretion of the trial court,"[9] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[10]

In evaluating the merits of Superior's motion to compel, this Court is guided by Fed. R. Civ. P. 26, which states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the rule as well as the requirements of Fed. R. Civ. P. 33 (which addresses interrogatories) and Fed. R. Civ. P. 34 (which addresses requests for the production of documents).

C.     **The Motion to Compel is Warranted**

Fed. R. Civ. P. 26(a)(1)(A) sets forth the requirements for a party's initial disclosures. In the scheduling order of March 24, 2020 (Rec. Doc. 30), the deadline for initial disclosures was set at April 14, 2020. In the scheduling order of April 16, 2021 (Rec. Doc. 52), the deadline for initial disclosures was set at May 7, 2021. Superior claims that it never received initial disclosures from Mr. Adams, and Mr.

---

[8]     *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[9]     *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[10]    *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

Adams neither disputed that claim nor presented evidence to the contrary. This Court therefore finds that Mr. Adams violated the scheduling orders as well as Rule 26 by failing to submit initial disclosures.

On August 12, 2020, Superior propounded interrogatories and requests for the production of documents on Mr. Adams. In support of its motion to compel, Superior argued that Mr. Adams's responses to Interrogatory Nos. 3, 4, 6, 8, 9, 10, 12, 13, 14, 15, and 17 and his responses to Request for Production Nos. 1-8 and 10-21 were deficient.

Interrogatory No. 3 asked about Mr. Adams's employment since March 1, 2018. He objected to this interrogatory on the basis of relevance. This Court finds, however, that this interrogatory seeks information that is relevant to Mr. Adams's employment-related claim as well as to the issue of mitigation and further finds that this interrogatory is proportional to the needs of this case. Therefore, Mr. Adams will be ordered to provide a full and complete response to this interrogatory.

Interrogatory No. 4 seeks information regarding Mr. Adams's earnings from any source since March 1, 2018. Mr. Adams objected on the basis that relevance. This Court finds, however, that this interrogatory is relevant to the calculation of damages to which Mr. Adams might be entitled and further finds that it is proportional to the needs of this case. Therefore, Mr. Adams will be ordered to provide a full and complete response to this interrogatory.

Interrogatory No. 6 requests information concerning Mr. Adams's efforts to find work after he was terminated from his position with Superior. Mr. Adams objected to this interrogatory on the basis of relevance. This Court finds, however, that this interrogatory is relevant to Mr. Adams's obligation to mitigate his damages. Therefore, Mr. Adams will be ordered to provide a full and complete response to Interrogatory No. 6.

Interrogatory No. 8 requests information regarding Mr. Adams's cell phone, email, and social media accounts used to comment on his employment with Superior or the facts set forth in his complaint. Mr. Adams objected on the basis that the requested information could be found in Superior's documents. But Superior argued that it is not in possession of the requested information. Mr. Adams neither argued to the contrary nor presented contrary evidence. Accordingly, he will be ordered to respond fully to this interrogatory.

Interrogatory No. 9 requested information regarding Mr. Adams's criminal background, if any. Mr. Adams objected on the basis of relevance. This Court finds that the requested information may be relevant for impeachment or other purposes, but the interrogatory is overly broad. Therefore, Mr. Adams will be ordered to respond to this interrogatory by listing any criminal convictions during the time period from five years preceding the filing of his complaint to the present.

Interrogatory No. 10 seeks information regarding lawsuits and agency claims including but not limited to bankruptcy proceedings. Mr. Adams responded that he could not reply because he had no pertinent documents. But this is an interrogatory, not a request for the production of documents. Therefore, Mr. Adams will be ordered to respond to this interrogatory.

Interrogatory No. 12 seeks the identification of the sources of the information set forth in Mr. Adams's initial disclosures and responses to Superior's written discovery. Mr. Adams responded by saying that this information had already been provided. This Court finds that Mr. Adams's response was not sufficient. He will be ordered to respond fully and completely to this interrogatory.

Interrogatory No. 13 asked Mr. Adams to categorize and quantify his alleged damages. He objected on the basis that the interrogatory is vague. This Court finds that the interrogatory was clear and comprehensible. Thus, Mr. Adams's response was not sufficient, and he will be ordered to explain the types of damages he is seeking to recover and the amounts that he is seeking in each category of damages.

Interrogatory No. 14 asked Mr. Adams to identify the health care providers from whom he sought treatment for the alleged emotional distress he sustained due to his employment with or termination from Superior. Mr. Adams responded that this information was already in Superior's possession. Superior claims that it has no such information, and Mr. Adams presented no evidence to the contrary. Therefore,

his response is not sufficient. This inquiry is directly related to Mr. Adams's claimed damages, and he will be ordered to provide an answer.

Interrogatory No. 15 was broader and asked Mr. Adams to identify all of the health care providers he saw in the last fifteen years. The requested information may be relevant to Mr. Adams's claim but is overly broad. Therefore, Mr. Adams will be ordered to respond but only with regard to the health care providers he saw during the five years prior to the filing of his law to the present time.

Interrogatory No. 17 asks Mr. Adams to identify the documents and things he relied upon in answering the interrogatories. According to Superior, Mr. Adams did not respond to this interrogatory at all. This Court finds this inquiry to be usual and customary, relevant, and proportional to the needs of the case. Therefore, Mr. Adams will be ordered to answer it.

Request for Production Nos. 1 through 5, 10, 11, 12, 13, 14, 20, and 21 asked for the production of documents relied upon in preparing his discovery responses, documents that will be introduced into evidence at trial, witness statements; documents related to the plaintiff's employment with and termination by Superior; relevant diaries, journals, calendars, and social media posts regarding his treatment by Superior; documents supporting his response to Interrogatory Nos. 8, 9, and 10; documents support his damages claim; records from evaluation and treatment referenced in Interrogatory No. 14; documents identified or referenced in his initial

disclosures; and other relevant documents. Mr. Adams responded to these requests by saying that the requested information was already in Superior's possession. This is not an appropriate response. These inquiries are all relevant to the issues presented in this lawsuit. If Mr. Adams has no documents responsive to these requests, he can say so. But if he has any responsive documents, he must produce them. Therefore, he will be ordered to supplement his responses to these requests for production.

Requests for Production No. 6, 7, and 8 sought documents supporting Mr. Adams's damages claim; documents evidencing his post-termination job search; and documents regarding his earnings while employed by Superior as well as his post-termination earnings. Mr. Adams objected to these requests as vague, ambiguous, or not reasonably calculated to lead to admissible evidence. This Court finds, however, that these requests are relevant, proportional to the needs of the case, and clearly stated. Therefore, Mr. Adams will be ordered to respond to them.

Request Nos. 15 through 19 sought the production of signed authorizations for his unemployment records, employment records, tax forms, Social Security earning records, and medical records. Superior contends that Mr. Adams never produced any signed authorizations, and Mr. Adams neither disputed that claim or presented evidence to the contrary. The requested authorizations are relevant to issues presented in this lawsuit and proportional to the needs of the case. Therefore, Mr. Adams will be required to submit signed versions of the authorizations.

## D. Attorneys' Fees

Superior did not expressly request an award of attorneys' fees for bringing its motion to compel. Nevertheless, Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states that, if a motion to compel is granted, or if the requested discovery is provided after the motion to compel was filed, the Court "**must**, after giving an opportunity to be heard, require the party. . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Therefore, an award of attorneys' fees and expenses is mandatory when a motion to compel is granted, unless one or more of the three relevant factors precludes such an award.

In this case, this Court will grant Superior's motion to compel, and this Court finds that at least at this stage none of the three factors precludes an award of fees and expenses. In support of the motion to compel, Superior documented its good faith efforts to obtain the requested discovery responses without involving the court, and Mr. Adams offered no countervailing evidence or argument. This Court was provided with no evidence or argument suggesting that Mr. Adams's failure to

properly respond to Superior's discovery requests was substantially justified. Finally, this Court is unaware of any circumstances that would make an award of fees and expenses unjust under the facts of this case.

Accordingly, Mr. Adams is ordered to show cause, if any he has, why Superior is not entitled to recover the attorneys' fees and expenses incurred in bringing this motion. In addition, Superior will be ordered to submit a request for attorneys' fees and expenses.

## **Conclusion**

For the foregoing reasons,

IT IS ORDERED that the motion to compel, which was filed by the defendant Superior Energy Services, LLC (Rec. Doc. 55), is GRANTED.

IT IS FURTHER ORDERED that, not later than March 22, 2022, plaintiff Greg S. Adams, shall provide the defendant with initial disclosures, signed authorization forms requested in Requests for Production Nos. 15 through 19, and full and complete responses to Interrogatory Nos. 3, 4, 6, 8, 9, 10, 12, 13, 14, 15, and 17 (with Interrogatory Nos. 9 and 15 limited as discussed above) and Request for Production Nos. 1-8 and 10-21. Mr. Adams is cautioned that a failure to comply with this order might result in the termination of his lawsuit.

IT IS FURTHER ORDERED that, not later than March 22, 2022, defendant Superior Energy Services, LLC, shall file a motion seeking recovery of the

attorneys' fees and expenses incurred in bringing its motion to compel, supported by appropriate documentation;

IT IS FINALLY ORDERED that Mr. Adams shall provide the court his response to the requested attorney's fees no later than April 5, 2022.

Signed at Lafayette, Louisiana on this 9th day of March 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE