UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GREG S ADAMS** | **CASE NO. 6:20-CV-00237** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SUPERIOR ENERGY SERVICES** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## MEMORANDUM RULING

Presently before the Court is Defendant Superior Energy Services, LLC's Motion for Summary Judgment [ECF No. 57]. Plaintiff was served with Superior's motion and the Court's Notice of Motion Setting [ECF No. 58], which set forth Plaintiff's deadline to respond to the motion. However, Plaintiff filed no response to the motion or Superior's statement of undisputed facts.

### I.
### BACKGROUND

Greg Adams was employed at Superior's completion services facility in Lafayette, Louisiana from March 26, 2018 to October 15, 2018.[1] At the time of Adams' hire in March 2018, Keith Thomassee ("Thomassee") was the Inventory Planning Manager and Adams reported directly to Thomassee, who hired Adams.[2] He knew Adams from working with him previously at BJ Services and they had known each other for 15 years.[3] Adams had also previously worked for another Superior business unit – Sub Surface Tools from 2012 to 2014, when he was terminated

---

[1] ECF No. 157, Ex. 2, Adams' Depo. p. 101 and Ex. 9 thereto; ECF No. 157, Ex. 1, LaFleur Dec. ¶ 4.
[2] ECF No. 157, Ex. 2, Adams' Depo. p. 16, ll. 10-15; ECF No. 157, Ex. 1, LaFleur Dec. at ¶ 5.
[3] ECF No. 157, Ex. 2, Adams' Depo. p. 19, ll. 16-21.

1

for excessive absences and tardiness.[4] Thomassee was not Adams' supervisor when Adams worked for Sub Surface Tools.[5] On July 5, 2018, Adams received and acknowledged receipt of a verbal warning which reflected that from May 1, 2018 to June 26, 2018, Adams had been late for the start of his shift 11 times. Adams was reminded that his shift officially started at 7:30 a.m. and that per Superior's "time-keeping policy" he could not clock in any earlier than 15 minutes before the scheduled start of his shift or later than ten minutes past the scheduled start of his shift. This gave Adams a 25-minute window to clock in under the time-keeping policy. Superior informed Adams that he was expected to clock in and be ready for work in accordance with his work schedule and Superior's time-keeping policy, and that he could be subject to further disciplinary action if he did not comply with company policies.[6] On July 26, 2018, a "coaching conversation" was held with Adams to discuss his performance. During that conversation, Adams was told that he was "[l]ate coming in and not following work schedule, long breaks and lunch breaks," that he was "[c]onsistently late for work and long to respond when called upon," and that he "[p]oorly manages time on the job."[7] The record reflects that Adams was late for the start of his shift five times after this conversation.[8] Accordingly, on August 15, 2018, Adams received a written warning because of tardiness.[9] On August 20, 2018, Adams was late for his scheduled shift and Superior suspended him for three days.[10] Adams' employment was terminated effective October 15, 2018,

---

[4] *Id.* at p. 14, ll. 18-25, p. 15, ll. 1-2.
[5] *Id.* at p. 16, ll. 6 – 9.
[6] *Id.* at p. 87 and Ex. 5 thereto, Verbal Warning (7/5/2018) – D-ADAMS_000146-000147.
[7] *Id.* at p. 89, ll. 9 – 25, p. 90, ll. 1-25 and Ex. 6 thereto, Coaching Conversation (7/26/2018) – DADAMS_000150-000151.
[8] *Id.* at p. 89.
[9] *Id.* at p. 93, ll. 3 – 22, and Ex. 7 thereto, Written Warning (8/15/2018) – D-ADAMS_000160-000161.
[10] *Id.* at p. 99, l. 7, p. 100, ll. 1-22, and Ex. 8 thereto, Suspension (8/20/2018) – D-ADAMS_000167 and D-ADAMS_000185.

for excessive tardiness. At the time of his termination, Adams had violated Superior's time-keeping policy thirty (30) times since being hired on March 26, 2018.[11]

Superior's employment records reflect that none of the other employees reporting to Thomassee during Adams' tenure were late for more than nine (9) days.[12] That employee, Lucas Lejuene, was also subject to disciplinary action but resigned before disciplinary action was taken.[13]

On September 24, 2019, Greg Adams filed the present Complaint for Employment Discrimination.[14] In his complaint, Adams, who is Black, alleges that he was discriminated against by his employer, Superior Energy Services ("Superior") based upon his race.[15] Specifically, Adams claims that he was subjected to termination of his employment and that he "was written up and subjected to different terms and conditions of employment than [his] white co-workers."[16]

## II.
### LAW AND ANALYSIS

**A. Summary Judgment Standard**

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[17] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18] "A genuine issue of material fact exists

---

[11] *Id.* at p. 101, ll. 2-23 and Ex. 9 thereto, Termination (10/15/2018) – D-ADAMS_000186-000187.
[12] ECF No. 57, Ex. 1, LaFleur Dec. at ¶ 9.
[13] *Id.* at ¶ 11.
[14] The case was initially filed in the Eastern District of Louisiana but was transferred to the Western District of Louisiana as the proper venue on February 20, 2020.
[15] *See* ECF No. 1.
[16] *Id.*
[17] Fed. R. Civ. P. 56(a).
[18] *Id.*

3

when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[19] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[20]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[21] "Credibility determinations are not part of the summary judgment analysis."[22] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[23]

### B. Title VII Disparate Treatment.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race . . . ."[24] An employer's action will be found unlawful if the employee can demonstrate that race was a

---

[19] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[20] Lindsey v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[21] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[22] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[23] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[24] 42 U.S.C. § 2000e–2(a).

4

"motivating factor" for his or her termination, even if the employer was also motivated by other lawful factors.[25] A plaintiff can prove a claim of unlawful discrimination by either direct or circumstantial evidence. Cases built on the latter, such as this one, are analyzed under the framework set forth in *McDonnell Douglas Corp v. Green*.[26] The *McDonnel Douglas* framework requires Adams to first establish a prima facie case of discrimination by showing: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he was discharged or subject to an adverse employment action by his employer; and (4) he was replaced by someone outside his protected class or was treated less favorably than other similarly situated employees outside of the protected group.[27] If Adams satisfies his prima facie burden, the burden then shifts to Superior to articulate a legitimate, nondiscriminatory reason for its employment action.[28] An employer's burden is only one of production, not persuasion, and involves no credibility assessment.[29] If an employer meets this burden, the presumption of discrimination disappears, and the plaintiff must then either: (1) offer sufficient evidence to create a genuine issue of material fact that the employer's proffered reason is not true, but instead is a pretext for a discriminatory purpose (the pretext alternative), or (2) demonstrate defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (the mixed-motive alternative).[30]

Superior argues that Adams cannot show that he was replaced with someone outside his protected class or that others similarly situated to him were treated more favorably under nearly

---

[25] *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (citing 42 U.S.C. § 2000e-2(m)).
[26] 411 U.S. 792 (1973). *See e.g. McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).
[27] *Id.*; *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 512 (5th Cir.2001).
[28] *McCoy* at 557.
[29] *Id.*
[30] *Id.*; *Vaughn* at 636; *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

identical circumstances. The Court agrees. There is no evidence in the summary judgment record that Adams was replaced by another person outside his protected group; nor is there evidence in the record that Adams was treated less favorably than other similarly situated employees outside of his protected group.[31] Specifically, Adams was disciplined and terminated for excessive tardiness—over ***thirty*** time-keeping policy violations during his six-month tenure with Superior. Superior's records reflect that the employee with the closest record of time-keeping policy violations had only ***nine*** violations. Yet, that employee, like Adams, was subjected to Superior's disciplinary process and resigned before he was terminated or otherwise disciplined. As noted above, Adams did not respond to the motion for summary judgment and thus has not come forward with any evidence to create a triable issue on this essential element of his prima facie case under *McDonnell Douglas*.

Even if Adams had established a prima facie case under *McDonnell Douglas*, Superior has come forward with a legitimate, nondiscriminatory reason for its employment action—Adams' excessive tardiness. Accordingly, Adams bears the burden to demonstrate that Superior's proffered explanation is merely a pretext for discrimination.[32] Adams, however, has not come forward with any evidence of pretext. "Without additional support, an employee's subjective belief that discrimination is the basis of the employment decision is not sufficient to survive summary judgment following an employer's adequate showing of a nondiscriminatory reason for the action."[33] Further, Adams was hired and fired by Thomassee. This creates "an inference that

---

[31] *Wallace v. Methodist Hosp. System*, 271 F.3d 212 (5th Cir. 2001); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995); *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991); *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990).
[32] *See Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000), cert. denied, 532 U.S. 937 (2001).
[33] *Bauer v. Albermarle*, 169 F.3d 962, 968 (5th Cir. 1999); *Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *E.E.O.C. v. Louisiana Office of Community Services*, 47 F.3d 1438, 1443-44 (5th Cir. 1995).

discrimination was not the employer's motive in terminating the employee."[34] In sum, Superior is entitled to summary judgment on Adams' Title VII disparate treatment claim.

### C. Title VII Retaliation.

To establish a prima facie case of retaliation under Title VII, Adams must show that "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action."[35] If Adams demonstrates a prima facie case of retaliation, "the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. If the employer does so, the burden shifts back to the plaintiff to prove that the proffered reason is pretext for the discriminatory or retaliatory purpose."[36] Adams must rebut "each nondiscriminatory or nonretaliatory reason articulated by the employer."[37]

Superior contends that Adams has not demonstrated a prima facie case of retaliation because he has not shown that he participated in an activity protected by Title VII. A "protected activity" under Title VII is defined as "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."[38] Title VII thus covers two distinct types of protected activity: (1) opposition to any practice rendered unlawful by Title VII (the "opposition clause"), and (2) making

---

[34] *McGaughey v. SBC Communications, et. al.*, 2006 WL 1663749 (S.D. Tex. 2006)(citing *Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 320 n.3 (5th Cir. 1997) (citing *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996)); see also *Morrison v. Weyerhaeuser Co.*, 119 Fed. Appx. 581, 586 (5th Cir. 2004) ("Where the same person is responsible for hiring and discharging an individual, there is an inference that [a discriminatory motive] was not the reason for the discharge."); *Cartagena v. Aegis Mortgage Corp.*, 275 F.3d 46, at *2 (5th Cir. 2001) ("From the stand point of the putative discriminator, it hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job.") (internal quotations omitted)).
[35] *Newbury*, 991 F.3d at 678 (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007)).
[36] *Id.* (citation omitted).
[37] *Id.*
[38] *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830–31 (E.D. La. 2012) (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)).

a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII (the "participation clause").[39]

There is no summary judgment evidence showing that Adams participated in any internal investigation or federal or state proceeding involving his claims of discrimination at any time during his tenure with Superior. Adams alleges that he made complaints about his supervisor at Superior—Thomassee—when the two worked for a different employer.[40] Accordingly, there is no evidence in the summary judgment that Adams engaged in a protected activity while employed by Superior. Even if Adams' complaint prior to his employment by Superior could be deemed participation in a protected activity, the eight-year gap between the complaint and Adams' termination does not support a causal link between that complaint and the adverse employment action taken by Superior.[41] Finally, even assuming that Adams has satisfied his primary facie burden, Superior has come forward with evidence of a "legitimate, nondiscriminatory or nonretaliatory reason for its employment action"—namely, Adams' excessive tardiness. There is nothing in the summary judgment record indicating that Superior's reason for terminating Adams was pretextual.

Based upon the foregoing reasons, the Court finds that there is no genuine dispute of material fact with respect to Adams's Title VII disparate treatment and retaliation claims, and that Superior is entitled to summary judgment. Therefore, defendant Superior Energy Services, LLC's

---

[39] *Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 274 (2009).
[40] As superior points out in its motion for summary judgment, there is no evidence that Thomassee was aware that Adams had complained about his conduct to that former employer.
[41] The Fifth Circuit's jurisprudence suggests that two and one-half months is the longest period that can, without more, show causation for retaliation purposes. *Rodrigue v. PTS Mgmt. Grp.*, LLC, 550 F. Supp. 3d 376, 403 (W.D. La. 2021) (citing *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 578 (5th Cir. 2020)).

Motion for Summary Judgment [ECF No. 57] is GRANTED. All claims asserted by Adams are DISMISSED.

THUS DONE in Chambers on this 15th day of September, 2022.

                                                            ROBERT R. SUMMERHAYS
                                                            UNITED STATES DISTRICT JUDGE